UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROMEO SALTA JR. and
PHYLLIS POLEGA,

           Plaintiffs,

  v.

UNITED STATES OF AMERICA,

           Defendant.
-------------------------------------------------------X

Docket Number _____

COMPLAINT AND DEMAND FOR JURY TRIAL

## SUMMARY OF THE COMPLAINT

Plaintiffs Romeo Salta, Jr. ("Mr. Salta") and Phyllis Polega ("Ms. Polega") are both citizens and residents of the United States. They both reside in New York, New York and have resided in New York, New York during all times relevant to the allegations contained in this complaint. Mr. Salta and Ms. Polega are husband and wife and have been married during all times relevant to the allegations contained in this complaint. On or about October 15, 2016, Mr. Salta and Ms. Polega filed a joint federal income tax return for taxable year 2015, declaring an adjusted gross income of $627,905.00, a taxable income of $615,305.00 and a joint federal income tax liability in the amount of $196,308.00. A copy of Mr. Salta's and Ms. Polega's 2015 joint federal income tax return is attached as Exhibit A to this complaint. Mr. Salta and Ms. Polega paid the $196,308.00 joint individual income tax liability and all related penalties and interest for 2015 in their entirety.

On or about July 17, 2018, Mr. Salta and Ms. Polega filed an amended joint Federal income tax return for taxable year 2015 (the "Amended Return") declaring an adjusted gross income of $280,822.00, taxable income of $246,684.00 and a tax liability for taxable year 2015 in the amount of $83,221.00. A copy of the Amended Return is attached hereto as Exhibit B.

1

The Amended Return sought a refund in the amount of $113,087.00. The Department of the Treasury ("Treasury") has failed to refund Mr. Salta's and Ms. Polega's taxable year 2015 overpayment and, similarly, has failed to deny Mr. Salta's and Ms. Polega's request for refund in accordance with law.

**Parties**

1. The Plaintiffs, Mr. Salta and Ms. Polega, are taxpayers aggrieved by the Defendant's failure to refund their overpayment of taxes attributable to taxable year 2015, plus statutory interest. As stated above, Mr. Salta and Ms. Polega are both citizens of the United States and have resided within the geographic confines of the Southern District of New York during all times relevant to this complaint.

2. The United States of America ("United States") is the Defendant, as it is the proper party for a refund suit brought pursuant to the express provisions of 26 U.S.C. § 7422(f)(1).

**Jurisdiction**

3. Jurisdiction is conferred on this Court pursuant to 26 U.S.C. §7422, 28 U.S.C. §§ 1331, 1346(a)(1), 1361, and 1651 and Amendment V to the United States Constitution.

**Venue**

4. Venue is proper in this Court pursuant to 28 U.S.C. §1402(a)(1), as Mr. Salta and Ms. Polega are both residents of the Southern District of New York and have both been residents of the Southern District of New York at all times relevant to the complaint.

**The Facts as Alleged**

5. In calendar year 2015, Mr. Salta transferred ownership of real property located on Long Island (the "Long Island Property"), which he owned in his own name, in lieu of

foreclosure on that property. Mr. Salta was the mortgagor on the Long Island Property. The mortgage secured an individual debt that Mr. Salta incurred pursuant to a promissory note on which he was personally liable as the debtor. Pursuant to the agreement between Mr. Salta and the mortgagee on the Long Island Property, the mortgagee agreed to forego any deficiency between the principal balance on the promissory note underlying the mortgage on the Long Island Property and the sale price, once the Long Island Property was sold by the mortgagee.

6. Mr. Salta and Ms. Polega, incorrectly believing that the agreement between Mr. Salta and the mortgagee obligated them to declare capital gain on the transfer in lieu of foreclosure in the year that ownership of the property was transferred, declared the capital gain income attributable to Mr. Salta's transfer of the Long Island Property in the year in which Mr. Salta transferred ownership of the property, 2015. However, the capital gain attributable to the cancellation of the indebtedness resulting from the difference between the face value of the promissory note and the Long Island Property's fair market value at the time of the 2015 transfer was unascertained, and unascertainable, until the subsequent sale of the Long Island Property by the mortgagee.

7. The recipient of the Long Island Property, Newbury REO 2013, LLC ("Newbury"), did not sell the Long Island Property until 2017. Upon Newbury's 2017 sale of the Long Island Property, it cancelled Mr. Salta's debt in the amount of $809,428.86, and properly issued him a 2017 1099-C in that amount in 2018. A copy of Newbury's 2017 1099-C to Mr. Salta is attached hereto as Exhibit C to the complaint.

8. Upon receiving the 2017 1099-C from Newbury, Mr. Salta realized his error in declaring the capital gain income associated with the cancellation of indebtedness in 2015 and, along with Ms. Polega, filed the Amended Return on or about July 17, 2018. *See* Exhibit B

hereto. The Amended Return sought a refund in the amount of $113,087.00, the amount of Mr. Salta's and Ms. Polega's 2015 overpayment.

9. Treasury has neither refunded Mr. Salta and Ms. Polega their 2015 overpayment plus interest, nor denied their timely request for refund as provided for by law.

### First Cause of Action
### (Refund of Tax Overpayment for Taxable Year 2015)

10. Mr. Salta and Ms. Polega reallege and incorporate by reference all the preceding allegations.

11. Pursuant to 26 U.S.C. §7422, Mr. Salta and Ms. Polega timely file this civil action to recover a refund of their 2015 federal income tax overpayment of their taxable year 2015 joint individual income tax liability.

12. Mr. Salta and Ms. Polega paid the tax, interest and penalties due on their joint 2015 income tax liability in full.

13. Mr. Salta and Ms. Polega timely filed a request for refund of their 2015 joint income tax overpayment on or about July 17, 2018.

14. Mr. Salta and Ms. Polega therefore request judgment in the amount of their 2015 joint income tax overpayment, $113,087.00, plus interest as provided for in Titles 26 and 28 of the United States Code.

### Second Cause of Action
### (Compel Agency Action by Writ of Mandamus – 28 U.S.C. §1651)

15. Mr. Salta and Ms. Polega reallege and incorporate by reference all the preceding allegations.

16. Mr. Salta and Ms. Polega properly and timely filed a request for refund of their taxable year 2015 joint individual income tax overpayment.

17. Treasury refused to perform a non-discretionary duty to refund their 2015 joint income tax overpayment or to deny their request for refund in accordance with law.

18. Treasury also owes Mr. Salta and Ms. Polega interest on their taxable year 2015 joint individual income tax overpayment as described in Titles 26 and 28 to the United States Code.

19. Mr. Salta and Ms. Polega therefore request an Order of this Court in the nature of a writ of mandamus, directing the United States of America, through its agent, the Secretary of the Treasury, to refund Mr. Salta's and Ms. Polega's 2015 joint income tax overpayment plus statutory interest, to Mr. Salta and Ms. Polega.

### Third Cause of Action
### (Attorneys' Fees Pursuant to 26 U.S.C. §7430)

20. Mr. Salta and Ms. Polega reallege and incorporate by reference all the preceding allegations.

21. Mr. Salta and Ms. Polega should be found to be the prevailing party in this action, and the positions taken by the IRS as stated above should be held to be not substantially justified.

22. Accordingly, under 26 U.S.C. §7430(a)(2), Mr. Salta and Ms. Polega are entitled to an award against the United States of their reasonable litigation costs, including attorneys' fees.

### JURY DEMAND

23. Pursuant to Fed. R. Civ. Proc. 38(b)(1) and 28 U.S.C. §2402, Mr. Salta and Ms. Polega hereby demand a trial by jury on all issues so triable.

24. WHEREFORE, Romeo Salta and Phyllis Polega pray for entry of judgment against the United States in the amount of their joint 2015 income tax overpayment,

$113,087.00, plus interest thereon, as well as their reasonable costs of litigation, to include attorneys' fees, costs, and such other relief as to this Court seems just and proper.

Dated: October 30, 2021

            **The Law Offices of Scott L. Fenstermaker, P.C.**

            Signed Pursuant to Fed. R. Civ. Proc. 11

    By: _____
            Scott L. Fenstermaker, Esq.
            100 Park Avenue, 16th Floor
            New York, New York 10017
            917-817-9001
            scott@fenstermakerlaw.com